UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

B.T.,

        Plaintiff,

v.                                 Civil No. 2:22cv94

SILVER DINER DEVELOPMENT, LLC,
et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss filed by Defendant James H. Haliburton ("Haliburton"), ECF No. 43, and a motion to dismiss filed by Defendant Silver Diner Development, LLC ("Silver Diner"), ECF No. 13.  Also before the Court is Silver Diner's motion to strike portions of Plaintiff B.T.'s ("Plaintiff") complaint.  ECF No. 19.  For the reasons stated below, the Court **DENIES** Haliburton's motion to dismiss, **GRANTS in part** and **DENIES in part** Silver Diner's motion to dismiss, and **DENIES** Silver Diner's motion to strike.[1]

## I. BACKGROUND[2]

Silver Diner is an American restaurant chain with restaurants spanning the mid-Atlantic region.  See ECF No. 1-2 ¶ 9.  In 2003,

---

[1] Because the facts and legal questions are adequately presented, and oral argument would not aid in the decisional process, the Court **DENIES** the parties' requests for a hearing.  ECF Nos. 29, 47.

[2] The facts recited here come from the complaint and are assumed true only to decide the motions to dismiss.  See Erickson v. Pardus, 551 U.S. 89, 94

Plaintiff worked at Silver Diner's Virginia Beach location as part of a course offered to juniors and seniors at her high school. Id. ¶ 26.  Plaintiff, a minor at the time, alleges that when she worked for Silver Diner, she was "solicit[ed]" and "groom[ed]" for sexual acts by Haliburton, a fellow employee ten years her senior. Id. ¶¶ 29, 34-35  Plaintiff claims that Haliburton accosted, kissed, and groped her during work hours.  Id. ¶ 31.  She also alleges that Haliburton raped her on multiple occasions—both during and after work.  Id. ¶¶ 29, 38.  Plaintiff contends that other Silver Diner employees, including two of the restaurant's managers, were aware of Haliburton's misconduct, but did nothing to stop it.  Id. ¶¶ 33-34, 37, 40-41.  Rather, Plaintiff alleges, Silver Diner maintained a "sexually hostile and dangerous work environment" for underage female co-workers.  Id. ¶ 14.  Plaintiff outlines several instances of sexual assault committed by other male employees that occurred before she started working for Silver Diner and notes that Haliburton was among the adult male employees known for sexually harassing underage female co-workers.  Id. ¶¶ 15-22.

In January 2020, Plaintiff met with a mental health professional.  During her treatment, she was informed "for the first time that she suffered from injuries causally connected to

---

(2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

the sexual assaults, sexual abuse, and rapes committed by Haliburton." Id. ¶ 42. Two years later, Plaintiff filed a complaint in Virginia state court against Haliburton, Silver Diner, and two other Silver Diner corporate entities (who were later dismissed from the suit). Against Haliburton, the complaint asserts one count: assault and battery. Id. ¶¶ 43-50. Against Silver Diner, the complaint asserts four counts: assault and battery, negligent supervision, negligent breach of a special relationship, and negligent retention. Id. ¶¶ 43-69.

In March 2022, Silver Diner removed the case to this Court. ECF No. 1. Shortly thereafter, Silver Diner filed a motion to dismiss, contending that Plaintiff's claims are time barred and that, even if they were not, the complaint fails to state a claim for relief. ECF No. 13. Silver Diner also moved to strike portions of Plaintiff's complaint related to behavior that allegedly occurred before Plaintiff worked at Silver Diner. ECF No. 19. Two months later, Haliburton filed a motion to dismiss, asserting that Plaintiff failed to provide sufficient process and that Plaintiff's assault and battery claim is time barred. ECF No. 43.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Insufficient Process

Rule 12(b)(4) permits dismissal of a complaint based on technical defects in process. See Wright v. Tyson Foods, Inc., No. 5:18cv27, 2018 WL 3232776, at *1 (E.D.N.C. June 30, 2018).

3

Process is defective if it does not include a copy of the complaint and a valid summons. Fed. R. Civ. P. 4(c)(1). To be valid, the summons must, among other things, contain the names of the court and the parties, be directed to the defendant, be signed by the clerk, and bear the court's seal. Fed. R. Civ. P. 4(a)(1). If a litigant fails to comply with these requirements, a court may dismiss the complaint, but only if "the defect is prejudicial to the defendant." Doyle v. YMCA of N.H., 560 F. Supp. 3d 499, 502 (D.N.H. 2021) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. Apr. 2021 update)) (internal quotation marks omitted).

### B. Motion to Dismiss for Failure to State a Claim[3]

Under Rule 12(b)(6), a district court may dismiss a complaint if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not allege "enough facts to state a claim to

---

[3] Silver Diner seeks dismissal of the complaint pursuant to both Rule 12(b)(1) and Rule 12(b)(6), with the supporting brief invoking Rule 12(b)(1) for the statute of limitations argument. However, "the statute of limitations is an affirmative defense, not a jurisdictional prerequisite, so such a challenge to a complaint is made pursuant to Rule 12(b)(6), not 12(b)(1)." Reid v. Prince George's Cnty. Bd. of Educ., 60 F. Supp. 3d 601, 604 (D. Md. 2014) (emphasis added); see also United States v. Kivanc, 714 F.3d 782, 789 (4th Cir. 2013) ("The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim."); Majied v. United States, No. 7:05cv77, 2007 WL 1170628, at *1 n.1 (W.D. Va. Apr. 18, 2007) (construing a 12(b)(1) motion to dismiss due to untimeliness as a 12(b)(6) motion because the statute of limitations is not a jurisdictional issue). The Court will therefore construe Silver Diner's untimeliness argument as a Rule 12(b)(6) motion.

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Because a motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Johnson v. Am. Towers, LLC, 781 F.3d 693, 709 (4th Cir. 2015) (quoting Iqbal, 556 U.S. at 678).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570.

### C. Motion to Strike

Rule 12(f) permits district courts to strike "any redundant, immaterial, impertinent, or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f). In deciding whether to grant a motion to strike, district courts have broad discretion. Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005). That said, motions to strike are disfavored because "striking a portion of a pleading is a drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990)) (internal quotation marks omitted). For that reason, the party moving to strike must generally show that the challenged matter has no logical relation to the suit and is prejudicial. Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019).

6

### III. HALIBURTON'S MOTION TO DISMISS

### A. Insufficient Process

Haliburton urges the Court to dismiss Plaintiff's assault and battery claim because Plaintiff served him with a summons from the original state court action only after Silver Diner removed the case to federal court. ECF No. 44, at 4. According to Haliburton, Plaintiff's failure to serve him with <u>federal</u> process after Silver Diner removed the case rendered Plaintiff's process defective, and thus dismissal is warranted. <u>Id.</u> Plaintiff, on the other hand, argues that she initiated service prior to Silver Diner's removal of the case, and therefore she was permitted to serve Haliburton with state court process. ECF No. 45, at 6.

Service of process in a case removed from state court is governed by 28 U.S.C. § 1448, which states as follows:

> In all cases removed from any State court to any district
> court of the United States in which any one or more of
> the defendants has not been served with process or in
> which the service has not been perfected prior to
> removal, or in which process served proves to be
> defective, such process or service may be completed or
> new process issued in the same manner as in cases
> originally filed in such district court.

28 U.S.C. § 1448. Courts across the country are split as to whether a state summons issued before removal retains its effectiveness after removal, and the Fourth Circuit has yet to resolve the issue. The split centers on the last clause of § 1448: "such process or service may be completed or new process issued in

7

the same manner as in cases originally filed in such district court." Some courts have read this language to require federal process if a plaintiff does not properly serve a defendant before removal, reasoning that the state court process is null and void on the date the suit is removed to federal court. See, e.g., Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967); Hamilton v. Schlumberger Tech. Corp. Pension Plan, No. 8:22cv733, 2022 WL 1540459, at *2-3 (D.S.C. May 16, 2022); Bruley v. Lincoln Prop. Co., N.C., Inc., 140 F.R.D. 452, 454 (D. Colo. 1991). Other courts have rejected that reading, contending that such an interpretation would read out the language allowing state service to be "completed" after the case is removed. See, e.g., Orner v. Int'l Labs., Inc., No. 1:20cv449, 2020 WL 6710277, at *5 (M.D. Pa. Nov. 16, 2020); Queen v. Schmidt, No. 1:10cv2017, 2015 WL 5175712, at *11-12 (D.D.C. Sept. 3, 2015); Minter v. Showcase Sys., Inc., 641 F. Supp. 2d 597, 601-02 (S.D. Miss. 2009); Listle v. Milwaukee Cnty., 926 F. Supp. 826, 827-28 (E.D. Wis. 1996). Haliburton asks the Court to adopt the former reading, whereas Plaintiff asks the Court to adopt the latter.

In this Court's view, § 1448 permits a plaintiff to complete service with previously issued state process after removal. Section 1448 states that if a defendant has not been served with state court process prior to removal, a plaintiff has two options: "such process or service may be completed or new process issued."

8

Thus, to read § 1448 as allowing <u>only</u> federal process after removal would render the phrase "may be completed" superfluous.  <u>See</u> <u>Minter</u>, 641 F. Supp. 2d at 602 ("If in all cases in which a defendant was not served prior to removal, service could only be validly accomplished post-removal by having 'new process issued' by the federal court, then the phrase 'may be completed' would be meaningless.").

To get around this, Haliburton argues that service of state process may be completed, but not when "a defendant has not been served at all with state process prior to removal." ECF No. 46, at 4.  This reading, however, conflicts directly with the text of § 1448.  Section 1448 covers three situations that may occur before removal: (1) "any one or more of the defendants has not been served with process," (2) "the service has not been perfected prior to removal," or (3) the "process served proves to be defective."  If <u>any</u> of these situations arises, § 1448 states that service of state court process "may be completed."  There is no indication from the text that the phrase "may be completed" is limited to scenarios two and three, as Haliburton seems to argue.  Therefore, to maintain fidelity with the text, the Court concludes that when a state court issues process before removal, but a defendant is not served before removal, § 1448 allows a plaintiff to either (1) complete service of previously issued state process, or

(2) obtain a summons in federal court and serve it pursuant to the Federal Rules of Civil Procedure.

Applied here, Plaintiff clearly fits into the first category: the state court issued process before removal, Plaintiff attempted to complete service on Haliburton before removal, and Plaintiff ultimately completed service of state process shortly after removal. Indeed, before Silver Diner removed the case on March 3, 2022, Plaintiff attempted to serve process on Haliburton—who allegedly was not a Virginia resident at the time—pursuant to Virginia's long-arm statute, Va. Code § 8.01-329, which authorizes service on non-residents via certified mail from the Secretary of the Commonwealth. Consistent with her obligations under the statute, Plaintiff paid the service of process filing fee on February 21, 2022, ECF No. 45-1, and mailed the summons, a copy of the complaint, and an affidavit for service of process to the Secretary of the Commonwealth on February 28, 2022, ECF No. 45-2. Because service on the Secretary of the Commonwealth constitutes service on the defendant under Va. Code § 8.01-329(C), Plaintiff waited for acknowledgement that the Secretary of the Commonwealth was served. On March 4, 2022, one day after Silver Diner removed the case to federal court, the Secretary of the Commonwealth acknowledged receipt. ECF Nos. 45-3. And on March 19, 2022, Haliburton was served. ECF No. 45-4. While the precise boundaries of § 1448 may perhaps be unclear, it is plainly apparent to the

10

Court that Plaintiff's situation sits neatly within the heartland of cases where service "may be completed." See 28 U.S.C. § 1448. The Court therefore **DENIES** Haliburton's motion to dismiss for insufficient process.

### B. Statute of Limitations

Haliburton next argues that the Court should dismiss Plaintiff's assault and battery claim because it is time barred. ECF No. 44, at 7. Whether a statute of limitations bars relief in a personal injury suit depends on two variables: (1) when the clock begins to run (the accrual date), and (2) how long the clock runs (the limitations period). Before 1991, there was no specific statute of limitations for claims related to childhood sexual abuse. As a result, if victims did not file their claims within two years of turning 18, their claims were time barred by Virginia's statute of limitations for personal injury claims. Kopalchick v. Cath. Diocese of Richmond, 274 Va. 332, 335–36, 645 S.E.2d 439, 440 (2007). However, since 1991, Virginia has had a statute of limitations specific to claims involving childhood sexual abuse. Id. at 336–38, 645 S.E.2d at 440–41.

In 2003—when Plaintiff alleges Haliburton abused her—a cause of action for childhood sexual abuse accrued depending on when the victim knew both "the fact of the injury and its causal connection to the sexual abuse." Va. Code § 8.01-249(6) (1997). If the victim knew before her 18th birthday, then the cause of action

accrued when she turned 18.  See *id.*  If the victim did not know until after her 18th birthday, then the cause of action accrued "when the fact of the injury and its causal connection to the sexual abuse [wa]s first communicated to [her] by a licensed physician, psychologist, or clinical psychologist." *Id.*  Once the cause of action accrued, the victim had two years from that date to file her claim, or else it was time barred.  See *Kopalchick*, 274 Va. at 335, 645 S.E.2d at 440.

In 2011, the Virginia General Assembly amended the limitations period for child sex abuse cases from two years to 20 years.  Va. Code § 8.01-243(D).  And in 2013, the Virginia General Assembly amended the accrual provision to its current form, which states that a cause of action related to childhood sexual abuse accrues "upon the later of" (1) the victim's 18th birthday, or (2) "when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist."  Va. Code § 8.01-249(6).

Haliburton argues that the 2011 and 2013 amendments are irrelevant because "Plaintiff was aware of the alleged abuse . . . when it occurred."  ECF No. 44, at 12.  Specifically, Haliburton contends that Plaintiff's assault and battery claim

12

accrued in 2005 (when she turned 18) and expired in 2007.[4] Plaintiff, for her part, argues that her claim never accrued until her psychologist informed her for the first time that she suffered from injuries causally connected to Haliburton's sexual abuse. ECF No. 45, at 11-12.

At the motion to dismiss stage of the case, the Court must accept all well-pled factual allegations as true and draw all reasonable inferences in favor of Plaintiff. See Kensington Volunteer Fire Dep't, Inc., 684 F.3d at 467. A court cannot dismiss a complaint on statute of limitations grounds unless the facts supporting the time bar clearly appear on the face of the complaint. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005). In this case, it is not clear from the face of the complaint that Plaintiff was aware of the causal connection between her abuse and her injuries before she met with a mental health professional in 2020. While it is certainly plausible that Plaintiff was aware of her sexual abuse and its causal connection to her injuries before she met with a mental health professional, it is also plausible, after drawing all reasonable inferences in

---

[4] Although the Virginia General Assembly has the power to revive otherwise expired civil claims related to childhood sexual assault, see Va. Const. art. IV, § 14, Haliburton maintains that the Virginia General Assembly did not intend for the 2011 and 2013 amendments to apply retroactively. ECF No. 44, at 13-15. The Court need not address this argument at this time because Haliburton has not shown that Plaintiff's claim expired under the 2005 version of the statute of limitations. Indeed, it is not clear from the face of the complaint that Plaintiff's cause of action accrued before she met with a mental health professional in 2020.

favor of Plaintiff, that she did not make such a connection.   The complaint implies that some of Haliburton's sexually abusive conduct was not forcible rape, but rather sexual intercourse with a minor.[5]  See ECF No. 1-2 ¶¶ 38, 40-41 (alleging rape, as opposed to forcible rape, which is alleged in a preceding paragraph).[6] From that, one can reasonably infer that Plaintiff may not have understood (or even known about) her injuries from Haliburton's conduct until she met with a mental health professional, as she was a "vulnerable teenager" when Haliburton allegedly abused her. Id. ¶ 28.  To support this claim, the complaint states on multiple occasions that Haliburton "solicit[ed]" and "groom[ed]" Plaintiff when she worked at Silver Diner.   Id. ¶¶ 34-35.

   Although the complaint is not entirely clear about whether Plaintiff understood her injuries from each abusive event when they occurred,[7] dismissal of the complaint because of a statute of

---

[5] The Court does not use the term "statutory rape" because, under Virginia law, sex with a child under 13 is labeled as rape, see Va. Code § 18.2-61, whereas sex with a 15-, 16-, or 17-year-old is classified as contributing to the delinquency of a minor, a misdemeanor, see id. § 18.2-371.

[6] Further supporting this inference is the allegation that one of the restaurant managers apologized to Plaintiff for "engaging in a sexual encounter with Haliburton." ECF No. 1-2 ¶ 37.  Such an allegation suggests that there may have been some sort of "relationship" between Plaintiff and Haliburton while Plaintiff worked for Silver Diner.  Haliburton's brief in support of his motion to dismiss appears to acknowledge such an inference. See ECF No. 44, at 12. (stating that the apology occurred because the manager "knew of their sexual relationship").

[7] Damages stemming from a single act of abuse are not divisible, which means that only one limitations period applies even if certain damages do not manifest themselves for several months or years.  See Van Dam v. Gay, 280 Va. 457, 463, 699 S.E.2d 480, 482-83 (2010). However, each separate act of sexual abuse constitutes a separate injury, so a separate limitations period

limitations defense is "rare," <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007), and it should only occur if the time bar "clearly appears on the face of the complaint," <u>Richmond, Fredericksburg & Potomac R.R. Co. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993). This is not one of those "rare" cases. The Court therefore **DENIES** Haliburton's motion to dismiss for failure to state a claim.

## IV. SILVER DINER'S MOTION TO DISMISS

Silver Diner advances five arguments in support of its motion to dismiss. First, it contends that Plaintiff's claims are time barred. Second, it maintains that it is not vicariously liable for Haliburton's assault and battery of Plaintiff. Third, it asserts that Virginia does not recognize a claim for negligent supervision in the employment context. Fourth, it argues that no special relationship existed between Silver Diner and Plaintiff. And fifth, it contends that Plaintiff has failed to articulate facts sufficient to state a claim for negligent retention. The Court will address each argument in turn.

### A. Statute of Limitations

Much like Haliburton, Silver Diner argues that Plaintiff's claims are time barred because she knew of her injuries and their causal connection to her sexual abuse when they occurred. ECF No.

---

applies each time unlawful contact occurs. <u>See</u> <u>Haynes v. Haggerty</u>, 291 Va. 301, 306–07, 784 S.E.2d 293, 295 (2016).

27, at 3-4. As discussed above, however, it is not clear from the face of the complaint that Plaintiff knew both the fact of her injuries and their causal connection to Haliburton's sexual abuse until a mental health professional advised her of the connection.[8] Accordingly, the Court **DENIES** Silver Diner's motion to dismiss with respect to its statute of limitations argument.[9]

### B. Assault and Battery

Relying on the doctrine of respondeat superior, Plaintiff alleges that Silver Diner is liable to her for Haliburton's assault and battery. See ECF No. 1-2 ¶ 50. Silver Diner contends that the Court should dismiss Plaintiff's assault and battery claim because the allegations in the complaint do not show that Haliburton was acting within the scope of his employment when he allegedly abused Plaintiff. ECF No. 14, at 14.

---

[8] Silver Diner curiously argues that "[i]f Plaintiff did not know about her own sexual abuse, it is unclear how [Silver Diner] could be held liable for knowing about it." ECF No. 27, at 7. The response to this puzzling argument is quite simple: Managerial employees at the restaurant were adults, whereas Plaintiff was a child. It hardly strains credulity to say that an adult is more likely than a minor to know that an underage sexual relationship is damaging to a minor even if the minor believes it is consensual.

[9] Like Haliburton, Silver Diner recognizes that the Virginia General Assembly amended the limitations period for childhood sexual abuse claims in 2011 and modified the accrual date provision in 2013. See ECF No. 14, at 8-9. However, Silver Diner argues that the General Assembly's power to revive expired civil claims related to childhood sexual assault is limited to natural persons. Id. at 9-10. The Court acknowledges Silver Diner's point, but because it is not clearly apparent from the face of the complaint that Plaintiff's claims expired before 2020, the Court need not address that argument at this time.

Under Virginia's doctrine of respondeat superior, "an employer is liable for the tortious acts of its employee if the employee was performing his employer's business and acting within the scope of his employment when the tortious acts were committed." Plummer v. Ctr. Psychiatrists, Ltd., 252 Va. 233, 235, 476 S.E.2d 172, 173 (1996). Determining whether an employee's tortious act occurred within the scope of his employment has proven "vexatious" for courts. Gina Chin & Assocs., Inc. v. First Union Bank, 260 Va. 533, 541, 537 S.E.2d 573, 577 (2000) (citations omitted). It is not enough that an employee's tortious act occurred during work hours or on work property. Jones v. Tyson Foods, Inc., 378 F. Supp. 2d 705, 713 (E.D. Va. 2004). Rather, an employee's tortious act must have "occurred while the employee was in fact performing a specific job-related service for the employer, and, but for the employee's wrongdoing, the service would otherwise have been within the authorized scope of his employment." Parker v. Carilion Clinic, 296 Va. 319, 338, 819 S.E.2d 809, 820 (2018).

To crystallize Virginia's treatment of respondeat superior, the Court finds the Virginia Supreme Court's decision in Plummer instructive. In Plummer, a psychologist exploited his patient's mental health conditions to have sex with her during a counseling session. 252 Va. at 235, 476 S.E.2d at 173. The patient sued the psychologist's employer for assault and battery, but the trial court dismissed the suit on demurrer because it believed that the

17

psychologist was not acting within the scope of his employment when he had sex with his patient. Id. On appeal, the Virginia Supreme Court reversed the trial court for two reasons: (1) the psychologist committed his tortious act while he was performing his duties as a counselor and a therapist, and (2) the psychologist's knowledge of the plaintiff's mental health conditions—which he obtained as her therapist—enabled him to exploit her. Id. at 237, 476 S.E.2d at 174–75.

In contrast to Plummer, Plaintiff's complaint lacks sufficient specificity to impute liability to Silver Diner. In particular, Plaintiff's complaint fails to allege what job responsibilities Haliburton had at Silver Diner, or even what his position was. Without that information, Plaintiff cannot plausibly allege that Haliburton's misconduct occurred during the performance of his job duties.[10] See Parker, 296 Va. at 338, 819 S.E.2d at 820. Additionally, unlike Plummer, a significant portion of Haliburton's alleged misconduct occurred outside of work, see ECF No. 1-2 ¶ 29, which further undercuts the plausibility of Plaintiff's assertion that Haliburton's alleged misconduct occurred within the scope of his employment, see Heckenlaible v. Va. Peninsula Reg'l Jail Auth., 491 F. Supp. 2d

---

[10] Plaintiff's complaint asserts that Haliburton's conduct was "within the scope and in furtherance of his employment" with Silver Diner, ECF No. 1-2 ¶ 50, but such an allegation is "conclusory" and therefore "not entitled to be assumed true," Iqbal, 556 U.S. at 681.

544, 551 (E.D. Va. 2007) (finding it reasonable to conclude that a jail was vicariously liable for its officer's sexual assault of a prisoner in part because the officer "could not have reached [the plaintiff] within the confines of her cell were it not for his employment with the [defendant]"). For these reasons, the Court finds that Plaintiff fails to state a claim for vicarious liability against Silver Diner, and thus **GRANTS** Silver Diner's motion to dismiss Plaintiff's assault and battery claim.[11]

Despite this finding, Rule 15(a)(2) provides that a court should "freely" grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Fourth Circuit, a district court should generally grant leave to amend unless "it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Here, the record does not suggest that Silver Diner would be prejudiced by an amendment; there is no

---

[11] Although at the pleading stage Virginia law creates a rebuttable presumption that an employer is liable if the plaintiff pleads that an employer-employee relationship existed, see Our Lady of Peace, Inc. v. Morgan, 297 Va. 832, 848-50, 832 S.E.2d 15, 25-26 (2019), federal courts have declined to apply such a presumption, see Garver v. Holbrook, 546 F. Supp. 3d 465, 473 (E.D. Va. 2021). Indeed, recognizing that federal courts must apply federal procedural law and state substantive law when exercising diversity jurisdiction over a state law claim, federal courts have looked to "the pleading standards in Rule 8 and the dismissal standards in Rule 12 . . . rather than Virginia's rebuttable presumption." York v. Karbah, No. 1:20cv3669, 2021 WL 5998390, at *4 n.3 (D.D.C. Dec. 19, 2021). After doing that here, it is clear that the complaint lacks sufficient specificity to establish vicarious liability under substantive Virginia law, which requires showing that the tortious act occurred while the employee was performing his job duties.

evidence of bad faith; and there is no reason to believe that an amendment would be futile (Plaintiff's claim fails for lack of factual specificity, not a legal defect).  Given that, the Court **GRANTS** Plaintiff leave to amend her assault and battery count within fifteen (15) days of the entry of this Opinion and Order. See Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 633 (E.D. Va. 2011) (granting leave to amend sua sponte).

### C. Negligent Supervision

Silver Diner urges the Court to dismiss Plaintiff's negligent supervision claim because "Virginia law does not recognize a claim for negligent supervision." ECF No. 14, at 15 (citing Chesapeake & Potomac Tel. Co. of Va. v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988)).  Plaintiff agrees that Virginia does not impose liability on an employer for negligent supervision of an employee, but she argues that Silver Diner is liable because "Plaintiff's guardian relinquished supervision and care of Plaintiff" to Silver Diner, "thereby giving rise to a duty to act with reasonable care in Plaintiff's supervision and care." ECF No. 1-2 ¶ 52; ECF No. 25, at 14.

In Virginia, there is generally no duty to protect another from criminal acts committed by a third party.  Terry v. Irish Fleet, Inc., 296 Va. 129, 135, 818 S.E.2d 788, 792 (2018). However, in "rare circumstances," the Virginia Supreme Court has deviated from this rule.  Commonwealth v. Peterson, 286 Va. 349,

359, 749 S.E.2d 307, 312 (2013).  In Kellerman v. McDonough, for example, the Virginia Supreme Court held that an adult owes a duty to protect another's child when the adult expressly "agrees to supervise and care for that child."  278 Va. 478, 487, 684 S.E.2d 786, 790 (2009).

Plaintiff relies on Kellerman to argue that Silver Diner is liable for negligent supervision, see ECF No. 25, at 14, but Kellerman does not support Plaintiff's claim.  It is well established that an agreement to care for another's child must be expressly made for the duty to attach.  Terry, 296 Va. at 140–41, 818 S.E.2d at 795.  To use Kellerman as an example, the Virginia Supreme Court found that one of the defendants owed a duty to protect the plaintiff's child because that defendant explicitly promised the plaintiff that his daughter would not "be driven by any inexperienced drivers" or "be in a car with any young, male drivers"; however, the court found that the other defendant did not owe any duty to protect the plaintiff's child because he was not present when the agreement was made.  Kellerman, 278 Va. at 489–90, 684 S.E.2d at 791–92.  In this case, there is no allegation in the complaint that Silver Diner made any express promise to Plaintiff's guardian that it would protect Plaintiff from harms committed by third parties.  See ECF No. 1-2 ¶¶ 25, 52–55.  Instead, Plaintiff relies on Silver Diner's participation in the employment program offered by her high school to argue that

Silver Diner owed a duty to protect her.   ECF No. 25, at 14-15.
However, Silver Diner's participation in that program is not a
"clear expression of intent" by Silver Diner to protect Plaintiff,
as there is no indication that Silver Diner expressly communicated
to Plaintiff or her guardian that it would keep her safe.   A.H. ex
rel. C.H. v. Church of God in Christ, Inc., 297 Va. 604, 624, 831
S.E.2d 460, 471-72 (2019) (holding that the defendant's "adoption
of an internal sexual-harassment and misconduct policy" was not "a
clear expression of intent" to protect the plaintiff).   The Court
therefore **GRANTS** Silver Diner's motion to dismiss Plaintiff's
negligent supervision claim.

    For the same reasons outlined above, however, the Court **GRANTS**
Plaintiff leave to amend her negligent supervision count within
fifteen (15) days of the entry of this Opinion and Order.

### D. Breach of a Special Relationship Duty

    In addition to her negligent supervision claim, Plaintiff
relies on Virginia's "special relationship" doctrine—another
exception to Virginia's rule against liability for third-party
criminal acts—to make out a claim against Silver Diner.[12]

---

[12] As noted above, though Virginia generally does not recognize a duty to
warn or protect against acts of criminal assault by third parties, there
are exceptions.   Peterson, 286 Va. at 359, 749 S.E.2d at 312.   These
exceptions can be divided into two categories.   The first category, as
discussed with respect to Plaintiff's negligent supervision claim, "involves
a defendant who expressly assumes a duty to protect another from criminal
harm." A.H., 297 Va. at 619, 831 S.E.2d at 468.   The second category, as
discussed in this section, involves a duty to protect when a "special

Specifically, Plaintiff alleges that Silver Diner, as her employer, had a duty to protect her from Haliburton's alleged sexual abuse. ECF No. 1-2 ¶ 58. However, as Silver Diner correctly notes, while an employer must protect its employees from certain "intentional or criminal acts" by a third party, <u>A.H.</u>, 297 Va. at 621-22, 831 S.E.2d at 470, an employer is not required to protect one employee from another employee. Indeed, under Virginia law, "<u>an employer has no general duty to supervise one employee to protect another employee from intentional or negligent acts</u>." <u>Id.</u> at 622, 831 S.E.2d at 470 (emphasis added). Because Plaintiff's claim runs directly counter to this well-established rule, the Court **GRANTS** Silver Diner's motion to dismiss Plaintiff's breach-of-a-special-relationship claim.[13]

### E. Negligent Retention

In her last claim, Plaintiff alleges that Silver Diner is liable for negligent retention because it knew, or should have known, that Haliburton was likely to harm female employees but did nothing to stop him. To support her claim, Plaintiff alleges that (1) Haliburton had a history of sexually harassing underage female

---

relationship exists" between the defendant and the third party or the defendant and the plaintiff. <u>Id.</u> at 619-20, 831 S.E.2d at 468-69.

[13] While a special relationship also exists between "a vulnerable individual in a custodial relationship and his or her custodian," <u>A.H.</u>, 297 Va. at 622, 831 S.E.2d at 470, the Court need not address that issue at this stage because Plaintiff's breach-of-a-special-relationship claim relies solely on the employment relationship between Plaintiff and Silver Diner, <u>see</u> ECF No. 1-2 ¶ 58; ECF No. 25, at 19.

co-workers at Silver Diner's Virginia Beach location; (2) multiple employees, including two managers, were aware of Haliburton's inappropriate contact with Plaintiff, a minor, while it was ongoing; (3) Silver Diner did not terminate Haliburton's employment despite knowing about Haliburton's conduct; and (4) Plaintiff suffered damages as a result.  ECF No. 1-2 ¶¶ 22, 33-37, 40, 69.

Despite these allegations, Silver Diner insists that the Court should dismiss Plaintiff's negligent retention claim because there is no allegation in the complaint that Plaintiff, or anyone else, complained of Haliburton's alleged misconduct to a supervisor.  ECF No. 27, at 16.  The crux of Silver Diner's argument is that an employee's dangerous conduct must be complained of in order to satisfy the knowledge element of a negligent retention claim.  The Court disagrees.

To satisfy the knowledge element of a negligent retention claim, a plaintiff need only show that "the dangerous employee's conduct was the type of conduct necessary to place a defendant on notice that it employs a dangerous employee likely to harm." Dao v. Faustin, 402 F. Supp. 3d 308, 326 (E.D. Va. 2019) (quoting Ingleson v. Burlington Med. Supplies, Inc., 141 F. Supp. 3d 579, 585 (E.D. Va. 2015)) (cleaned up).  There is no requirement that an employee's misconduct must be complained of in order for the employer to have actual or constructive notice.  So long as a

24

plaintiff can show that the employer "knew or should have known" that that it employs a dangerous employee likely to cause harm, the knowledge element is satisfied. Se. Apartments Mgmt., Inc. v. Jackman, 257 Va. 256, 260-61, 513 S.E.2d 395, 397 (1999) (noting that a claim for negligent retention exists "for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others]").

The complaint in this case provides specific allegations that plausibly demonstrate that Silver Diner managers knew of Haliburton's misconduct. On one occasion, it appears that Haliburton told one of the managers about his misconduct;[14] and on another occasion, one of the managers apologized to Plaintiff for having sex with Haliburton, demonstrating that she was likely aware of Haliburton's illegal sexual contact with Plaintiff. See ECF No. 1-2 ¶¶ 33-34, 37. Accordingly, the Court DENIES Silver Diner's motion to dismiss Plaintiff's negligent retention claim.

## V. SILVER DINER'S MOTION TO STRIKE

The last matter before the Court is Silver Diner's motion to strike. ECF No. 19. Silver Diner asks the Court to strike eight

---

[14] Silver Diner suggests that Haliburton's alleged statement to one of the managers cannot support a negligent retention claim because it occurred after Haliburton sexually assaulted Plaintiff. See ECF No. 27, at 16. However, this argument is belied by the complaint, which states that Haliburton "continued to sexually harass and sexually assault Plaintiff" at the restaurant after he told the manager about his misconduct. ECF No. 1-2 ¶ 35.

paragraphs from Plaintiff's complaint—specifically, paragraphs 15-20 and paragraph 22. ECF No. 20, at 1-2. Paragraphs 15, 16, and 17 address sexual harassment allegations predating Plaintiff's employment with Silver Diner, and do not involve Haliburton. See ECF No. 1-2 ¶¶ 15-17. Paragraphs 18, 19, 20, and 22 address the sexually hostile work environment at Silver Diner's Virginia Beach location. Id. ¶¶ 18-20, 22. Silver Diner contends that the challenged allegations are immaterial and scandalous. Silver Diner further argues that it is prejudiced by the allegations because they obscure the timeline of events, create confusion regarding which claims Plaintiff is pursuing, and unfairly impute the conduct of other employees to Haliburton. ECF No. 20, at 6-11. After reviewing the challenged allegations, the Court disagrees with Silver Diner.

Paragraphs 15, 16, and 17 present facts suggesting that Silver Diner had a pervasive problem with sexual harassment against female employees at its Virginia Beach location. See ECF No. 1-2 ¶¶ 15-17. These allegations provide some support for Plaintiff's contention that Silver Diner acted indifferently when it became aware of Haliburton's sexual misconduct against Plaintiff, and are thus related to the suit. Whether these allegations are ultimately admissible is not for the Court to decide at this stage. Rather, when resolving a motion to strike, the question is whether the moving party has shown that the allegations are (1) redundant,

immaterial, impertinent, or scandalous; and (2) prejudicial. In the Court's view, Silver Diner has not met this high burden. The Court therefore **DENIES** Silver Diner's motion to strike with respect to paragraphs 15, 16, and 17 of Plaintiff's complaint.

Paragraphs 18, 19, and 20 allege that there was a sexually hostile environment at Silver Diner's Virginia Beach location that involved male employees "grooming" underage female co-workers and making sexual advances. ECF No. 1-2 ¶¶ 18-20. In paragraph 22, the complaint alleges that Haliburton "was among the adult male employees . . . who sexually harassed underage female co-workers and contributed to the sexually hostile work environment therein." Id. ¶ 22. These allegations are clearly related to the suit as they support Plaintiff's claim that Silver Diner was on notice that Haliburton was dangerous around minors before Plaintiff began working at the restaurant. Moreover, the allegations further support Plaintiff's contention that Silver Diner had a culture of sexual harassment against female employees at its Virginia Beach location, and thus acted indifferently when presented with Haliburton's misconduct. Accordingly, the Court **DENIES** Silver Diner's motion to strike with respect to paragraphs 18, 19, 20, and 22.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Haliburton's motion to dismiss, **GRANTS in part** and **DENIES in part** Silver Diner's

27

motion to dismiss, and **DENIES** Silver Diner's motion to strike. The Court **GRANTS** Plaintiff leave to amend her assault and battery count and her negligent supervision count within fifteen (15) days of the entry of this Opinion and Order.

The Clerk is **REQUESTED** to forward a copy of this Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 16, 2022

28